**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LUMINITA HIX,

        Plaintiff,

v.                                           Case Number: 10-12432
                                             HON. MARIANNE O. BATTANI

ROSIE O'DONNELL,

        Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

This matter is before the Court on Plaintiff Luminita Hix's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiff's application and Complaint. In her Complaint, Plaintiff alleges Defendant stalked and defamed her, abused her children, and engaged in religious persecution and intimidation. Compl. at 1. For the reasons that follow, Plaintiff's application is **GRANTED**, and Plaintiff's Complaint is **DISMISSED.**

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who makes an affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). The court must examine the financial condition of the applicant in order to determine whether the payment of fees would cause an undue financial hardship. Prows v. Kastner, 842 F.2d 138, 140 (5th Cir. 1988).

Plaintiff's claim of indigence is supported by her application. See Phipps v. King, 866 F.2d 824, 825 (6th Cir. 1988); Foster v. United States, 344 F.2d 698, 699-700) (6th Cir.

1965) (per curiam). Based on her affidavit, the Court concludes that paying the filing fee is beyond Plaintiff's means. Consequently, the Court grants Plaintiff's application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even if a plaintiff establishes indigence, the screening mandated by Congress in § 1915(e)(2) includes the obligation to dismiss a civil complaints if it "is frivolous or malicious." See 28 U.S.C. § 1915(e)(2)(B)(i). Title 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> > (B) the action or appeal:
> >
> > > (i) is frivolous or malicious;
> > > (ii) fails to state a claim on which relief may be granted; or
> > > (iii) seeks monetary relief against a defendant
> > > who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff claims that Defendant Rosie O'Donnell stalked Plaintiff by listening in on telephone conversations about evangelism, hit one of Plaintiff's children six years ago, took pictures of Plaintiff while she slept naked, make a copy of a key to Plaintiff's house and "gave copies to stars of Hollywood, for which [Plaintiff] is suing each star individually." Compl. at 2. Plaintiff asks the Court for $80 million and a restraining order preventing Rosie O'Donnell from entered the state of Tennessee, where Plaintiff's children reside, and the state of Michigan, where Plaintiff resides. Hix also asks for a search warrant to retrieve the naked pictures. Id.

The Court is mindful that a *pro se* litigant's complaint is to be construed liberally, Jourdan v. Jabe, 951 F.2d 108, 100 (6th Cir. 1991), and is held to "less stringent standards" than a complaint drafted by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972).

2

Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed.  FED. R. CIV. P. 12(b); Dekoven v. Bell, 140 F. Supp.2d 748, 755 (E.D. Mich. 2001).

Here, the Court finds even with most liberal reading of Plaintiff's Complaint, the action is frivolous in that the allegations are wholly incredible.  See Denton v. Hernandez, 504 U.S. 24, 33 (1992) (noting that a court may dismiss a claim if the facts are "clearly baseless," "fantastic," and "delusional").  The Court's conclusion that Hix's Complaint cannot withstand scrutiny under § 1915(e)(2)(B)(i) is further supported by the additional lawsuits filed by Plaintiff alleging many of the same claims.  In fact, Hix has sued many celebrities, including Britney Spears, Sarah Jessica Parker, Madonna, Pamela Anderson, Jessica Simpson, and Geena Davis.  She also has filed suit in the Eastern District of Michigan against former President George Bush, and Christian evangelist Benny Hinn.

Accordingly, Plaintiff's Application to proceed *in forma pauperis* is **GRANTED**; this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e); and Plaintiff's Application for Appointment of Counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

DATED: July 6, 2010

**CERTIFICATE OF SERVICE**

      A Copy of this Order was mailed to Luminita HIx on this date by ordinary mail and/or electronic filing.

                                          <u>s/Bernadette M. Thebolt</u>
                                          Case Manager